**Gregory TAYLOR, Plaintiff,**

v.

**RADIOLOGY ASSOCIATES OF NORWOOD, INC., Defendant.**

**Civ. A. No. 83–2891–T.**

United States District Court, D. Massachusetts.

March 27, 1984.

ORDER

ON

PLAINTIFF'S MOTION FOR PRODUCTION

AND

MOTION TO COMPEL

JOYCE L. ALEXANDER, United States Magistrate.

■ Upon defendant's motion, and pursuant to Massachusetts General Laws c. 231 § 60B, plaintiff's complaint alleging

directed to the justification for the government's    litigating position before the court ...."

medical malpractice was referred to a medical malpractice tribunal on December 14, 1983. On February 8, 1984, plaintiff filed the above-entitled motion seeking production of plaintiff's x-rays and pertinent medical reports, and to compel the deposition of defendant on or before March 15, 1984. Defendant opposed the motion.

A federal district court sitting in diversity may refer an action for malpractice, error or mistake against a health-care provider to a medical malpractice tribunal. The federal court may dismiss the action when, after hearing, the tribunal determines that the plaintiff's evidence is insufficient to raise a legitimate claim of liability. *Feinstein v. Massachusetts General Hospital*, 643 F.2d 880 (1st Cir.1981).

■ Once referred to the tribunal, the plaintiff must present an offer of proof consisting of evidence which, if substantiated, would present a legitimate question of liability appropriate for judicial review.

> Admissible evidence shall include but not be limited to, hospital and medical records, nurses' notes, x-rays and other records kept in the usual course of the practice of the health care provider ... the tribunal may upon application of either party or upon its own decision summon or subpoena any such records or individuals to substantiate or clarify any evidence which has been presented before it ... M.G.L. c. 231 § 60B.

See generally, Lubin and Meyer, "An Outline for the Plaintiff's Offer of Proof Before a Medical Tribunal," 25 *Boston Bar Journal* No. 6, at 27 (1981).

Thus, under the statutory scheme, plaintiff's motion seeking discovery in the federal court appears premature, given that he has not yet presented his offer of proof to the tribunal, and given that the tribunal has not yet ruled that he has presented a legitimate claim appropriate for review in the federal court. As the statute provides, the appropriate avenue, if certain documents are not readily available to compose his offer of proof, is to apply to the tribunal for a subpoena.

Moreover, the standard utilized by the tribunal is only a "substantial evidence" standard, that is, "such evidence as a reasonable person might accept as adequate to support a conclusion." M.G.L. c. 231 § 60B. Thus, as the Massachusetts Supreme Judicial Court has noted, "allowance (is) made for the fact that the hearing before the tribunal ordinarily precedes discovery." *Gugino v. Harvard Community Health Plan*, 380 Mass. 464, 468, 403 N.E.2d 1166, 1170 (1980). Concomitant therewith, the type of discovery contemplated by plaintiff in this Court might necessarily be subsumed in the offer of proof covered by M.G.L. c. 231 § 60B.

Accordingly, in light of the aforementioned, the motion is hereby denied.